{¶ 1} Defendant-appellant Thomas E. Casey appeals the March 3, 2008 Judgment Entry of the Stark County Court of Common Pleas denying his motion to vacate his November 1, 2002 conviction. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On September 11, 2002, the Stark County Grand Jury secretly indicted Appellant, Thomas Casey, on three counts of rape, a violation of R.C. 2907.02(A)(1)(b). The charges stemmed from Appellant's sexual conduct with two female children less than thirteen years of age.
 {¶ 3} On September 20, 2002, Appellant was arraigned and pleaded not guilty to the charges. At that time, the court assigned Mr. Richard Drake as court-appointed counsel.
 {¶ 4} On September 30, 2002, Appellant obtained private counsel to represent him.
 {¶ 5} On November 1, 2002, Appellant changed his not guilty plea to guilty to the charges in the indictment. Appellant signed a Criminal Rule 11(C) entry acknowledging his guilt and the waiver of his various constitutional rights including the right to a jury trial, right to confront witnesses and right to require the State to prove guilt beyond a reasonable doubt. Appellant also acknowledged his satisfaction with his lawyer and limited right to appeal his sentence.
 {¶ 6} The trial court accepted Appellant's guilty plea and sentenced him to life in prison for rape under count one of the indictment, and ten years in prison on counts two and three of the indictment to be served concurrent. The judgment entry indicated the sentence was approved jointly by Appellant and the prosecution. *Page 3 
 {¶ 7} Also on November 1, 2002, a House Bill 180 hearing was held and Appellant was found to be a sexual predator. No direct appeal was taken by Appellant from his plea, sentence or adjudication as a sexual predator.
 {¶ 8} On July 25, 2007, Appellant, acting pro se, filed a motion to withdraw his guilty plea, arguing he was not represented at the plea hearing by his retained counsel. Instead, his retained counsel's law associate stood in for Attorney Puterbaugh at the sentencing hearing.
 {¶ 9} On August 7, 2007, the trial court overruled his motion finding Appellant's motion was not timely and further that his reasons did not meet the manifest injustice standard. On appeal, this Court found Appellant did not meet his burden of proving a manifest injustice and overruled his appeal.
 {¶ 10} On February 25, 2008, Appellant filed a motion for final order with the trial court, requesting the trial court vacate the November 1, 2002 Judgment Entry and issue a valid order according to Criminal Rule 32. The trial court denied the motion via Judgment Entry of March 3, 2008.
 {¶ 11} Appellant now appeals, assigning as error:
 {¶ 12} "I. THE TRIAL COURT ERRED AND ENTERTAINED THE FEBRUARY 12, 2008 ORDER WHEN THE NOVEMBER 1, 2002 ORDER WAS ADDRESSED IN THE MOTION.
 {¶ 13} "II. THE TRIAL COURT PREJUDICED THE APPELLANT WHEN THE COURT FAILED TO CORRECT THE NOVEMBER 1, 2002 ORDER INTO A FINAL JUDGMENT ENTRY/ORDER APPLICABLE TO CRIM.R. 32(C)." *Page 4 
 {¶ 14} Both of Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 15} Appellant asserts the November 1, 2002 Judgment Entry fails to mention any language finding Appellant guilty of each charge; therefore, is not a final appealable order.
 {¶ 16} Appellant filed an appeal from the trial court's August 7, 2007 Judgment Entry denying his motion to withdraw his guilty plea. This Court overruled the errors asserted therein. Assuming arguendo Appellant's argument was not barred by the doctrine of law of the case, we would find the argument without merit. The November 1, 2002 Judgment Entry reads:
 {¶ 17} "Whereupon the Court having granted leave, the defendant withdrew his plea of not guilty and thereupon the Court inquired of the defendant as to whether or not he desired to plead further, to which inquiry the defendant replied that Thomas Casey is guilty of the crimes of Rape 3 Cts. [R.C. 2907.02(A)(1)(b)] (F1), as charged in the Indictment, which said plea was accepted by this Court. Thereupon the Prosecuting Attorney moved that sentence be pronounced against said defendant." (Emphasis added.)
 {¶ 18} Upon review, the trial court accepted Appellant's plea of guilty; and sentenced him accordingly; thereby effectively finding him guilty of the charges. *Page 5 
 {¶ 19} For the above stated reasons, Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 Hoffman, P.J., Edwards, J. and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1